## COOPER v. GERNER.

No. 33463. Nov. 8, 1949.

Rehearing Denied April 18, 1950.

Second Petition for Rehearing Denied May 2, 1950.

*217 P. 2d 823.*

John M. Lawrence, M. W. Cooper, and Cargill, Eagleton & Cargill, all of Okla-

homa City, for plaintiff in error.

Keaton, Wells, Johnston & Lytle, of Oklahoma City, for defendant in error.

HALLEY, J. This is an action by Merlin V. Cooper against Theodore C. (also known as Ted) Gerner, to establish a partnership, for an accounting and dissolution of partnership. At the conclusion of plaintiff's evidence, the defendant demurred, and later moved for judgment on plaintiff's evidence. This is an action of equitable cognizance. Templeman v. Walker, 175 Okla. 366, 52 P. 2d 737.

Under the ruling of this court in Connolly v. Gaffaney et al., 159 Okla. 60, 14 P. 2d 391, and Beverly Hills National Bank & Trust Co. v. Martin, Trustee, et al., 185 Okla. 254, 91 P. 2d 94, it became the duty of the court to weigh the evidence, both favorable and unfavorable to the plaintiff, and if found that the weight of the evidence was against the plaintiff and in favor of the defendant, to render judgment for the defendant. The court weighed the evidence and found that it did not support a judgment for the plaintiff, and entered judgment for the defendant. The court also found that the plaintiff was not entitled to relief in equity because he had not come into court with clean hands. We shall refer to the parties as they appeared in the trial court.

The plaintiff has appealed, and contends that the findings and judgment of the trial court are against the clear weight of the evidence, and that the maxim of equity that one must come into a court of equity with clean hands in order to show himself entitled to equitable relief is not applicable in this case.

The plaintiff claims that the partnership between himself and the defendant originated in July, 1944. At that time, the plaintiff was an employee of an aircraft plant in Oklahoma City. Defendant was employed as a mechanic by an automobile firm in Oklahoma City, and had experience as a mechan-

ic. He had a small amount of machinery at his home and was undertaking to perfect certain automobile parts, which he hoped to have patented. He had no experience in office management, financing, or sales. The plaintiff had had experience in the latter services. They had known each other since 1937. The plaintiff began to devote his evenings to the efforts of the defendant to establish a business of manufacturing and selling automobile parts. At first the parties drew only expenses from the business. Plaintiff contributed $1,365 in cash but later withdrew $300; and later, an automobile was purchased in his name for $1,250. They agreed upon the name "National Machine Works", and the plaintiff secured a temporary loan from the Liberty National Bank for $2,800, which was later increased to $7,500, for which both parties signed a note to the bank, and also a mortgage on all their machinery and equipment, on June 25, 1945. The signatures appear "Ted Gerner and M. V. Cooper, dba National Machine Works". The name of each appeared on the signature card at the bank. The joint signature card was dated June 5, 1945, but on October 6, 1945, the name of M. V. Cooper was canceled by telephone. No further record of this cancellation is shown. Numerous checks against the firm account were signed "National Machine Works, by Ted Gerner, Partner". This form of check continued to be used and so signed through October, 1945. Plaintiff made trips with the defendant to Washington in their effort to secure patents, and made various trips over the United States in setting up a sales organization in various cities for the National Machine Works.

In December, 1944, the plaintiff left his aircraft employment and became an employee of the Oklahoma County Rationing Board, because the National Machine Works needed scarce materials and, in his new position, he could and did secure priorities for scarce materials from the War Production Board and the Smaller War Plants Corporation. Some of the applications filed by him with Federal agencies were introduced in evidence, and were signed by the plaintiff, showing Ted Gerner as owner of National Machine Works, but nowhere does the name of the plaintiff appear as a partner or part owner of the business. Plaintiff testified that the agency heads knew he had such an interest, but that his name was omitted as part owner to avoid possible criticism. Each application contains the usual printed warning that it is a criminal offense to make a false representation in the application.

On April 30, 1945, Ted Gerner and M. Cooper filed an employer's application for identification number under the trade name of "National Machine Works", which recited that Ted Gerner was the previous owner, and on the same date, Ted Gerner, as "Partner", filed an employer's tax return covering the period from January 1 to March 31, 1945, which shows Ted Gerner and M. Cooper as partners, as did withholding tax return, and the Collector of Internal Revenue certified that this was the only withholding tax return filed in his office in the name of Ted Gerner and M. Cooper, dba National Machine Works.

If the evidence relative to the relationship between the plaintiff and the defendant had gone no further than October, 1945, we feel that the evidence would have sustained a finding that a partnership or joint adventure existed between the plaintiff and the defendant. However, the following evidence presents quite a different picture as to their relationship after that time.

On September 17, 1945, while a divorce case filed by the plaintiff against his wife was pending, M. V. Cooper and his wife, Marjorie L. Cooper, executed and acknowledged an instrument reciting a consideration of $10 to each of them from Ted Gerner, "in full settlement and satisfaction of all salary rights, claims, and/or interest of any nature or character whatsoever, in his business and property known as the Na-

tional Machine Works, located at 2414 S. Robinson, Oklahoma City, Oklahoma, which includes all machinery, equipment, automobiles, cash, bills and accounts receivable, records, and miscellaneous property." The instrument further recites that it "is intended to be a relinquishment of any interest of any nature or character whatsoever by either of the undersigned in said business, or any other property owned by said Theodore C. Gerner." It relieves the Coopers of all bills, accounts payable by National Machine Works, and in particular the note held by the Liberty National Bank and signed by M. V. Cooper and Ted Gerner.

Plaintiff admitted that he executed this instrument and received the consideration recited; that he did it to keep the business of National Machine Works from being involved in his divorce litigation; that he never told his wife that he had any interest in the business, but told her that the release was intended to relieve them from the note to the bank or other obligations of National Machine Works. He now testifies that when he executed the release, he was a partner and owned a one-half interest in the National Machine Works, and that he still owns such one-half interest.

An employee of the National Machine Works, Jack Harris, sued Ted Gerner and the National Machine Works in the district court of Oklahoma county, and at the trial of that case in February, 1946, the plaintiff was called as a witness. He testified under oath that he owned no interest in the National Machine Works; that Ted Gerner made him no promises of a partnership, but that he considered that for helping to start the business he would have "full-time employment and a good job, and a post-war setup." His excuse for such testimony is that the defendant and his attorney requested him to so testify to help the defendant defeat the claim of Harris, and that they said he was "technically" not a partner after having signed the release above described in September, 1945.

Plaintiff explains his misrepresentation to government agencies, when requesting priorities for scarce materials for National Machine Works, when he represented that the business was owned by Ted Gerner, by saying that since he was the head of OPA in Oklahoma county, his name in the applications as a part owner of the business might have caused criticism.

We find that a new credit card was filed with the Liberty National Bank on October 11, 1945, showing Ted Gerner as the sole owner, and that he executed notes to the bank for $4,000 in the latter part of 1945, and for $35,000 in 1946.

The record shows that after the plaintiff began to receive the sum of $500 per month from the business, his checks bore on the face a notation of the amount of withholding tax and Social Security tax withheld by National Machine Works. The plaintiff claims he knew little about tax matters. In December, 1946, a "bonus" was granted to the employees of National Machine Works, but plaintiff had nothing to do with the decision as to the amount of the bonus. He received as his share the sum of $2,500.

In August, 1946, the National Machine Works was incorporated under the laws of Delaware. The plaintiff was issued no stock, and demanded none. He was not made an officer or director. The letterheads used by him after that date bore the printed heading "National Machine Works, Inc." Plaintiff continued rendering services to the National Machine Works, Inc., until June, 1947, receiving a salary of $500 per month, less taxes withheld, up to that date.

The patent covering the articles manufactured by the National Machine Works was issued in the name of the defendant, Ted Gerner, and remained in his name, despite the claim of the plaintiff that the patent belonged to the partnership.

The foregoing are only a part of the many facts and circumstances which are inconsistent with the present claim and testimony of the plaintiff. If his present claim and testimony is true, then he committed perjury in the Harris case, defrauded his wife in the divorce case, and made false representations to government agencies, all of which had a relation to and affected in some manner the vital issue in the present case, which is, were the parties to this action partners?

Careful consideration of all of the evidence in the record convinces us that the findings and judgment of the trial court are not against the clear weight thereof, but are sustained thereby. The trial court also found that plaintiff could not recover because he did not come into court with "clean hands". Since we have held that the court's decision that there was no partnership is sustained by the clear weight of the evidence, it is not necessary for us to discuss the equity maxim as to "clean hands".

The judgment of the trial court is affirmed.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and WELCH, J., dissent.